IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                               No. 13-cv-0237 MV/SMV
                                                                         11-cr-1065 MV

ACXEL BARRERA-MUÑOZ,

    Defendant/Petitioner.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant/Petitioner (hereinafter "Petitioner") Acxel Barrera-Muñoz's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence . . . [CV Doc. 1],[1] filed March 11, 2013. Petitioner claims that his due process rights were violated based on ineffective assistance of counsel. Plaintiff/Respondent (hereinafter "the Government") filed a Response [CV Doc. 11] on April 22, 2013. Attached to the Response is a sworn affidavit [CV Doc. 11-1] from Petitioner's former counsel, Cliff McIntyre. Petitioner did not file a Reply or otherwise attempt to refute McIntyre's affidavit. Having considered the parties' submissions, the relevant law, and the records in this case and in Petitioner's underlying criminal case, 11-cr-1065 MV, I find that Petitioner's claims of ineffective counsel are without merit. I recommend, therefore, that Petitioner's § 2255 Motion be **DENIED**, and that this civil action, 13-cv-0327, be **DISMISSED with prejudice**.

---

[1] Documents referenced as "CV Doc. ___" are from case number 13-cv-0237 MV/SMV. Those referenced as "CR Doc. ___" are from case number 11-cr-1065 MV. Finally, those documents referenced as "App. Doc. ___" are from the appellate record in case number 12-2207.

**Factual and Procedural Background**

On August 23, 2011, Petitioner was charged by superseding indictment with: (1) Conspiracy, in violation of 21 U.S.C. § 846; (2) Possession with Intent to Distribute 5 Kilograms and More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and Aiding and Abetting in violation or 18 U.S.C. § 2; and (3) Possession with Intent to Distribute 1 Kilogram and More of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and Aiding and Abetting, in violation of 8 U.S.C. § 2. [Doc. 32, filed in 11-cr-1065]. On May 8, 2012, Petitioner entered into a plea agreement with the Government pursuant to which he pled guilty to Count 2 of the superseding indictment. [CR Doc. 76]. That offense carried a 10-year mandatory minimum sentence. *See id.*; 21 U.S.C. § 841 (b)(1)(A)(ii). "The only exception to the mandatory minimum is when a court finds that a defendant meets the five elements of § 3553(f), the so-called 'safety valve' provision." *United States v. Chavez*, No. 09-8019, 355 F. App'x 142, 145 (10th Cir. Dec. 7, 2009) (unpublished) (citing 18 U.S.C. § 3553(f); United States Sentencing Commission, Guidelines Manual § 5C1.2 (Nov. 2011))**.** "The burden of proving all five requirements by a preponderance of the evidence lies with the defendant." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 652 (10th Cir. 1998).

Petitioner's plea agreement provided that Petitioner "may be eligible for the 'safety valve' provisions" of § 3553(f). [CR Doc. 76] at 3. However, because Petitioner was still on probation for a California driving-under-the-influence conviction at the time he committed the drug offenses, he was found to be ineligible for safety valve relief[2] and was sentenced to

---

[2] One of the § 3553(f) requirements is that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines[.]" 18 U.S.C. § 3553(f)(1). Petitioner's prior conviction gave him one criminal history point, and the fact that he was still on probation from that conviction when he committed the instant offense added two more points. *See* USSG § 4A1.1(d).

120 months' imprisonment, followed by five years of unsupervised release. *See* Transcript of Sentencing Proceedings [CR Doc. 119] at 21–26; Judgment [CR Doc. 97].

On December 19, 2012, Petitioner filed a direct appeal to the United States Court of Appeals for the Tenth Circuit. [CR Doc. 107]. The Government filed a motion to enforce the plea agreement. [App. Docs. 01019002344–47] (filed on February 14, 2013). The plea agreement waived Petitioner's right to file a direct appeal challenging his conviction or sentence, reserving to Petitioner only the right to "collaterall[y] attack [the] conviction(s) pursuant to 28 U.S.C. § 2255 . . . on the issue of counsel's ineffective assistance in negotiating or entering this plea agreement or this waiver." [CR Doc. 76] at 8. On February 25, 2013, Petitioner's then defense counsel, Erlinda Johnson, conceded "that an appeal in this case, due to the validity of the plea waiver, would be wholly frivolous[,]" [App. Doc. 01019008313] at 3, and moved to withdraw as counsel of record on that basis, *id.* at 2, 4. The Tenth Circuit gave Petitioner an opportunity to file a pro se response to the Government's motion to enforce the plea agreement, but Petitioner chose not do so. [CR Doc. 125-1] at 2. The Tenth Circuit subsequently granted the motion to enforce the appeal waiver and dismissed the appeal. *Id*. Petitioner filed the instant § 2255 motion on March 11, 2013. [CV Doc. 1].

## Analysis

Petitioner raises four claims based on ineffective assistance of counsel. First, he claims that his counsel was ineffective for failing "to fully investigate my case and determine i [sic] was not eligible for the safety valve provision [of the Guidelines]." [CV Doc. 1] at 4. Second, he claims that counsel was ineffective for failing to file a motion to suppress the evidence against him. *Id*. Third, he claims that his attorney:

3

> assured me I qualified for the safety valve and thus a sentence below the minimum statutory mandatory [sic]. I signed a plea document only upon reliance on his advise [sic]. [H]ad i [sic] known i [sic] did not qualify for the safety valve, I would not have signed a plea agreement. I would have also retained the services of an attorney in California in order to address my misdemeanor [sic] case[,] which was placing me in criminal history category II and making me ineligible for the safety valve.

*Id.* Fourth, he claims that his attorney made "nonsensical arguments" and "arguments not based in the law or facts" at his sentencing hearing." *Id.*

Although three of Petitioner's four claims most likely would have been barred by the appellate waiver provision in the plea agreement, surprisingly, the Government does not invoke the waiver in its Response. Thus, the waiver is waived. *See United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005). Instead, the Government argues that Petitioner's claims of ineffective assistance of counsel are without merit. [CV Doc. 11] at 4–9.

**1. Ineffective-Assistance-of-Counsel Claim Regarding Investigation of Petitioner's Prior Criminal History**

The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must satisfy a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding.]

466 U.S. at 687.  Both showings must be made to satisfy the *Strickland* standard. *Id*. The Court is not required to address both prongs of the standard if the defendant makes an insufficient

showing on one of the prongs. *Id*. at 697. In applying the two-part *Strickland* test, a court may address the performance and prejudice components in any order. *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).

The appropriate standard for attorney performance is that of reasonably effective assistance; the defendant must demonstrate that counsel's representation, considering all the circumstances, fell below an objective standard of reasonableness based on prevailing professional norms. *See Strickland* at 687–88. For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). In evaluating an attorney's performance, the court must be highly deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal quotation marks omitted). In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. Finally, "[n]either hindsight nor success is the measure" of whether counsel was effective, and "effective" is not necessarily synonymous with victorious or flawless. *Dever v . Kan. State Penitentiary*, 36 F. 3d. 1531, 1537 (10th Cir. 1994). Rather, to be considered *ineffective* assistance of counsel, "the representation

must have been such as to make the [proceeding] a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Id.* (citing *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971)).

Petitioner claims that his counsel "failed to investigate my criminal history and advise me that I did not qualify for the safety valve [provisions of the Guidelines]." [CV Doc. 1] at 4. In response to this claim, Mr. McIntyre states in his Affidavit, "When I first met the defendant, I asked him as I do every one of my clients, whether he had a criminal history. . . . The defendant told me he had no criminal history." [CV Doc. 11-1] at 2. This testimony is not disputed. It is unclear exactly what Petitioner claims his attorney failed to do. If Petitioner means to suggest that his attorney should have investigated his criminal history despite being told by Petitioner that Petitioner had no criminal history, I find that such conduct does not rise to the level of deficient performance. Petitioner has offered no authority—and the Court is unaware of any—to support the claim that an attorney, having been told by his client that the client has no criminal history, nevertheless has a duty to conduct an independent investigation to determine whether the client has told the truth. Petitioner has failed to show that counsel's conduct fell below an objective standard of reasonableness. I find, therefore, that this claim fails to satisfy the first prong of the *Strickland* test.

**2. Ineffective Assistance of Counsel Regarding Motion To Suppress**

Petitioner claims that the arresting officer violated his Fourth Amendment rights by searching his vehicle without his consent, and that his counsel was subsequently ineffective for failing to file a motion to suppress the fruits of that search. [CV Doc. 1] at 4. This claim is factually inaccurate. Petitioner's co-defendant filed a motion to suppress all evidence obtained as

a result of the search. *See* Motion to Suppress all Tainted Evidence due to Illegal Seizure and Search and Illegal Arrest of Defendant. [CR Doc. 44]. Petitioner's counsel filed a Motion for Joinder [in] Motion to Suppress, [CR Doc. 58], which the district judge granted, [CR Doc. 62]. *See also* Affidavit of Cliff McIntyre, [CV Doc. 11-1] at 2, ¶ 8 (discussing his joinder in motion to suppress and how the motion would most likely have been denied). The motion to suppress was never heard because both defendants decided to accept plea agreements. [CV Doc. 11-1] at 2, ¶ 8. This claim, therefore, is without merit.

### 3. Ineffective-Assistance-of-Counsel Claim Regarding Assurance that Petitioner Qualified for Safety Valve Relief

Petitioner claims that his attorney "assured me I qualified for the safety valve and thus a sentence below the minimum statutory mandatory [sic]." [CV Doc. 1] at 4. He claims further that if he had known that his prior conviction placed him in criminal history category II (and thus ineligible for safety valve relief), he would have "retained the services of an attorney in California in order to address [the prior conviction]." *Id.* I find that this claim fails to satisfy the *Strickland* standard, for three reasons. First, the Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gigley*, 213 F.3d 509, 517 n.3 (10th Cir. 2000) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)). Thus, even if the allegations were true, this claim would still fail to satisfy the first prong of *Strickland*.

Second, when a prisoner claims ineffective assistance of counsel in connection with a plea agreement, "in order to satisfy the 'prejudice' requirement, the [prisoner] must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty

and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Nowhere does Petitioner state that, but for counsel's alleged errors, he would have insisted on going to trial. *See* [CV Doc. 1]. Instead, he claims that, but for counsel's alleged errors, he would have hired another attorney to "address" his prior conviction. *Id*. at 4. These allegations fail to satisfy the second (prejudice) prong of the *Strickland* test.

Third, Petitioner cannot show prejudice because at his change of plea hearing the Magistrate Judge made it very clear that there was no guarantee that he would qualify for safety valve relief, despite what his attorney might have told him. After Petitioner was advised of the maximum statutory penalties (including imprisonment for not less than 10 years, and up to life), the following exchange occurred:

> **The Court**: Do you understand those maximum statutory penalties?
>
> **The Defendant**: Yes.
>
> **The Court**: And do you understand that the judge could sentence you all the way up to those maximums if that would be a reasonable sentence?
>
> **The Defendant**: Yes.
>
> **The Court**: Now there is that mandatory minimum sentence of ten years incarceration. Would he be eligible for the safety valve?
>
> **Mr. McIntyre**: It seems like he is going to be safety eligible and due to negotiations with the government he's been found to be safety eligible.
>
> **The Court**: All right. But there are no guarantees.
>
> **Mr. McIntyre**: There are no guarantees at this point.
>
> **The Court**: Okay. And you've reviewed with your client the five requirements for meeting the safety valve?

>**Mr. McIntyre**: I sure have, your Honor.
>
>**The Court**: Do you understand those requirements to meet the safety valve provision?
>
>**The Defendant**: Yes.
>
>**The Court**: And do you understand that if you fail to meet all five requirements, the judge is required to sentence you to at least ten years of incarceration?
>
>**The Defendant**: Yes.
>
>                              *      *      *
>
>**The Court**: And Mr. McIntyre, have you given your client your best estimate of where he'll fall on the guidelines?
>
>**Mr. McIntyre**: Yes, ma'am.
>
>**The Court**: I need to make sure that Mr. Barrera understands that all your attorney can do is give you his best estimate. He might be wrong and you might be sentenced to more time than you're expecting. Even if that happens, you still could not withdraw your plea of guilty. Are you aware of that?
>
>**The Defendant**: Yes.

[CR Doc. 115] at 6–8. Where, as here, a defendant is informed about the uncertain nature of his attorney's sentencing predictions during the plea colloquy, mere allegations of prejudice are insufficient to satisfy the prejudice prong of *Strickland*. *See Gordon*, 4 F.3d at 1571 ("Given the fact that Defendant pleaded guilty even after being so informed by the Court, his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice.") Thus, even if counsel's advice had been constitutionally deficient—which was not the case—this claim would still fail because it does not satisfy the prejudice prong of *Strickland*.

### 4. Ineffective-Assistance-of-Counsel Claim Regarding Conduct at Sentencing Hearing

Petitioner claims that his attorney made "nonsensical arguments" and "arguments not based in the law or facts" at his sentencing hearing. [CV Doc. 1] at 4. He claims further that counsel was ill-prepared and that "his performance fell well below the standard accepted in the community for defense counsel." *Id.* Petitioner's allegations are merely conclusory. He makes no attempt to explain what his attorney should have done differently, or how he was prejudiced by what his attorney did or failed to do.

To prevail in a § 2255 action, a petitioner must show a defect in the proceedings that resulted in "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted). The burden is on the petitioner to allege facts that, if proven, would entitle him to relief. *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995). To meet this burden, a petitioner's "allegations must be specific and particularized, not general or conclusory." *Id.* at 1471; *see United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (Conclusory allegations are insufficient to support an ineffective assistance of counsel claim.). "[S]heer speculation" that counsel might have done something different that might have resulted in Petitioner receiving a shorter sentence "does not rise to the level of a constitutional claim." *United States v. Romero-Gallardo*, No. 03-4126, 113 F. App'x 351, 354 (10th Cir. 2004) (unpublished) (petitioner must show that, but for counsel's errors, the result of the sentencing proceeding would have been different).

Here, Petitioner fails to establish that he was prejudiced by any action taken by his attorney in connection with sentencing. Petitioner was facing a potential term of imprisonment of ten years to life. He received a sentence of 120 months (one month below the Guideline range

10

minimum). *See* [CR Doc. 119] at 22–23. Counsel attempted to reduce that term even more. *See generally* [CR Doc. 119]. Although the attempt was unsuccessful, that does not establish ineffective assistance. "Neither vigor nor skill can overcome truth. Success is not the test of effective assistance of counsel." *Johnson v. United States*, 380 F.2d 810, 812 (10th Cir. 1967). I have reviewed the transcript of Petitioner's sentencing hearing. I note that Petitioner's counsel presented testimony, introduced exhibits, and vigorously argued for a sentence below the mandatory minimum. *See* [CR Doc. 119]. Petitioner has not suggested any legitimate arguments his counsel failed to make, and I cannot imagine any. Counsel was simply fighting a losing battle. His representation did not fall below an objective standard of reasonableness. I find, therefore, that this claim is without merit.

## **CONCLUSION AND RECOMMENDED DISPOSITION**

For all the reasons set forth above, I find that Petitioner's allegations fail to show that he received ineffective assistance of counsel. I further find that Mr. McIntyre's affidavit and the records in this case and Petitioner's underlying criminal case fully support a finding that Petitioner's counsel's performance did not fall below an objective standard of reasonableness. I further find that Petitioner has failed to establish that he suffered any prejudice as a result of counsel's alleged errors. Accordingly, I find that he is not entitled to relief under 28 U.S.C. § 2255. Finally, because it is possible to resolve the issues on the pleadings and the record clearly establishes that Petitioner is not entitled to relief, I find that an evidentiary hearing is not necessary. *See* § 2255; *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir. 1996). I therefore recommend that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence… [Doc. 1] be **DENIED**, and that this civil proceeding be **DISMISSED WITH PREJUDICE.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**